# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 11-202V
**Filed: June 18, 2015**

| | |
|---|---|
| * * * * * * * * * * * * * * | UNPUBLISHED |
| KEVIN FISCHER, as the legal Representative of a minor child, KJF, | |
| | Special Master Dorsey |
| Petitioner, | |
| v. | Joint Stipulation on Damages; Hepatitis B (Hep B), Diphtheria-Tetanus- Acellular Pertussis (DTaP); Haemophilus Influenzae Type B (Hib); Pneumococcal Conjugate; Inactivated Polio Vaccines; Infantile Spasms. |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |
| * * * * * * * * * * * * * * | |

Michael Adly Baseluos, San Antonio, TX, for petitioner.
Darryl R. Wishard, United States Department of Justice, Washington, DC, for respondent.

### DECISION[1]

On April 1, 2011, Shauni Rai Fischer[2] ("petitioner") filed a petition on behalf of her daughter, KJF, pursuant to the National Vaccine Injury Compensation Program.[3] 42 U.S.C. §§ 300aa-1 to -34 (2006). Petitioner alleged that, as a result of receiving the hepatitis B ("Hep B"), diphtheria-tetanus-acellular pertussis ("DTaP"), haemophilus influenza type b ("Hib"),

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] On June16, 2015, an order was entered amending the caption of the case to reflect that Mr. Kevin Fischer was appointed the guardian of KJF.

[3] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

pneumococcal conjugate ("PCV") and inactivated polio ("IPV") vaccinations on April 26, 2010, KJF suffered from infantile spasms and related sequelae. Petitioner further alleged that KJF suffered the residual effects or complications of this vaccine injury for more than six months. On May 4, 2015, the parties filed a stipulation, stating that a decision should be entered awarding compensation.

On May 22, 2015, Ms. Shauni Fischer, passed away. See ECF No. 91, Suggestion of Death, Supplement (Death Certificate). A status conference was held on June 3, 2015, to discuss the death of Ms. Fischer. Counsel for Ms. Fischer explained that a guardianship proceeding had been scheduled to appoint a new guardian for KJF.

On June 8, 2015, petitioner filed a Suggestion of Death and death certificate for Ms. Fischer. See ECF No. 91, Suggestion of Death and attached Supplement. On June 16, 2015, petitioner filed the Joint Motion to substitute the petitioner in this case and to amend judgment so that the award of compensation would be paid to the appointed guardian of KJF's estate and endorsed by the substituted petitioner. In the Joint Motion, the parties specifically requested that the judgment in this case be amended to pay the $650,000.00, award to Karen Seal, as the guardian of KJF's estate, and to allow Mr. Kevin Fischer, as the legal guardian of KJF, to endorse the checks to Medicaid. The Joint Motion attached an orders from the Karnes County, Texas State Court appointing Kevin Fischer as the legal guardian of KJF, and appointing Karen Dalglish Seal as the guardian of the estate of KJF. See ECF No. 92, Documents 2 and 3. An order was issued on June 16, 2015, granting the portion of the Joint Motion that requested that Mr. Fischer be substituted as the petitioner and amended the caption of this case. On June 17, 2015, the undersigned issued an order vacating the decision entered on May 4, 2015, and the Judgment entered May 8, 2015.[4]

Respondent denies that the vaccines caused or significantly aggravated KJF's alleged medical condition, any of her ongoing symptoms, or any other injury. Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A. The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

---

[4] On June 17, 2015, in response to an email inquiry sent to the parties by the undersigned's law clerk, respondent's counsel confirmed by email that respondent does not require that a new stipulation be filed in this case. Respondent explained that the stipulation was signed by Ms. Shauni Fischer prior to her death on May 22, 2015. The stipulation was approved by the undersigned's decision before Ms. Fischer's death. The judgment was also entered before Ms. Fischer's death, and she elected to accept the judgment before her death. Respondent noted that as of June 16, 2015, Kevin Fischer has been substituted as the petitioner in the case and that he steps into the role of the petitioner at this juncture, with the case as it stands currently. Respondent requests the judgment to be amended to reflect the new caption, to identify Karen Seal as guardian of KJF's estate, in paragraph (a) of the judgment, and to identify Kevin Fischer as the petitioner in paragraphs (b) and (c) of the judgment.

The parties stipulated that petitioner shall receive the following compensation:

a. **A lump sum of $650,000.00, in the form of a check payable to Karen Seal, as the guardian of KJF's estate;**

b. **A lump sum of $66,021.83**, which amount represents compensation for reimbursement of a Texas Medicaid lien**, in the form of a check, payable jointly to petitioner and TMHP/Medicaid, Attn: Torts Receivables, P.O. Box 292948, Austin, TX 78720-2948** (petitioner agrees to endorse this payment to THMP); and

c. **A lump sum of $62,117.00**, which amount represents compensation for reimbursement of a Medicaid lien, **in the form of a check payable jointly to petitioner and the Wisconsin Department of Health Services, 5615 High Point Dr., Suite 100, Irving, TX, 75038-9984** (petitioner agrees to endorse this payment to Wisconsin Department of Health Services).

Stipulation ¶ 8.

The undersigned approves the requested amount for petitioner's compensation. Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[5]

**IT IS SO ORDERED.**

                                                   s/ Nora Beth Dorsey
                                                   Nora Beth Dorsey
                                                   Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.